**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alan FROST and Anne Bracken (formerly known as Anne Frost),
Defendants–Appellants.**

**Nos. 00–3937, 01–2841.**

United States Court of Appeals,
Seventh Circuit.

March 29, 2002.

Before EASTERBROOK, KANNE, and DIANE P. WOOD, Circuit Judges.

### Order

Both defendants have filed petitions for rehearing in this case. One premise of each petition is that the final paragraph in the opinion, which discussed a potential way of calculating the net loss inflicted on the United States by the defendants' frauds, entitles them to pursue that method on remand in quest of a lower sentence.

This is not correct. The approach sketched in the opinion's final paragraph was just a means to test whether the loss computed by the district judge was reasonable, despite the flaws in the judge's method of deducting, from the gross loss, the costs of operating the Chicago branch. Because defendants did not ask the district judge to deduct anything based on the default rate for loans to students of other institutions, an argument along these lines was forfeited in the district court. Nothing in our opinion suggests that the district judge committed plain error that would relieve the defendants of this forfeiture; to the contrary, our rough-and-ready calculation led to the same sentence, which implied the absence of plain error. *See*

*United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). It is too late for defendants to adopt a new approach to calculating loss. The government carried its burden by showing gross loss; it was not required to present to the district judges all possible means of calculating the net loss.

The remand to recalculate the amount of restitution is not an invitation to revise the restitution order along the lines of the opinion's last paragraph. Remand is appropriate, rather, because we reversed the defendants' convictions on four counts. Any element of restitution based on the reversed counts (or on the testing issue to the extent it affected the restitution on the conspiracy conviction) must be eliminated; the restitution order otherwise stands, for again defendants forfeited any argument that restitution should be calculated by reference to the default rate at other institutions.

Both petitions for rehearing are denied. No judge in active service has called for a vote on Bracken's petition for rehearing en banc, which therefore is denied.